### JOSEPH T. HOPPINS v. JONAS MILLER.

In case.

A Promissory Note, dated at New York, without designating the place of payment, draws seven per cent interest; unless there be proof that it *was* made in this State.

This was an action brought in this Court, by the Endorsee against the Maker of a Promissory Note in the following words:

New York, 29 October, 1834.

Three months after date, I promise to pay to John Wallis or order, two hundred and sixty-eight dollars, for value received.

*Mr. Green* applied to the Court, for judgment and assessment of damages; and insisted that the plaintiff was entitled to seven per cent interest; the note being dated at New York, and not made payable in New Jersey or any other particular place, and cited, 3 *Green*, 328; 17 *John.* 511; 1 *Wash. C. C.* 521; 2 *Ib.* 253.

*R. P. Thompson,* contra.

By the Court.

This contract, upon the face of it, a New York transaction, and must carry interest according to the laws of that State, which it is admitted, is seven per cent per annum; unless it is shown to the Court, that the note was really made in this State.

---

### THE STATE v. JOSIAH HART AND OTHERS.

On *Certiorari* to the Hunterdon Pleas. In matter of Road.

*H. W. Green,* for Plaintiff.

*Wurts,* for Defendant.

The reasons principally relied on for setting aside the return of the road &c. are

1. That the Surveyors were not duly qualified, and

2. That the ending point of the road is not designated with sufficient certainty in the petition.

The oath of two of the Surveyors by whom the road was laid out, is as follows:

### COPY.

I, Peter Howell, do *solmly* and sincerely promise and swear, that I will in all things, to the best of my knowledge and understanding, well, justly and faithfully execute the office of a Surveyor of the Highways, *in the township of Hopewell, in the county of Hunterdon,* without favor or partiality.

PETER HOWELL.

Sworn and Subscribed, &c.

The concluding part of the petition, which contains all that is material in support of the last objection, is as follows:

" thence across lands of said Bake to lands of Josiah Hart and over his lands to land again of said Bake and over his land to land of Josiah Hart, and over his land to land of Joseph S. Hart and over his land to the Harberton road and there to end."

*Mr. Green,* contended. 1. The Surveyor's oath is defective. *State* v: *Davis,* 1 *Green,* 10 ; *State* v. *Ayres,* 3 *Ib.* 479.

2. The Petition is defective. *Griscom* v. *Gilmore,* 1 *Harr.* 105 ; *Ibid.* 391.

*Wurts, contra.*

BY THE COURT. The objections are fully sustained by the cases cited. Let the return be set aside and vacated.

*Return set aside.*

CITED *in State* v. *Northrup,* 3 *Harr.* 276.